Minshall, J.
On April 23, 1894, an act was passed by the general assembly of the state (91 Ohio Laws, L76), providing for the appointment of a jury commission and the selection of juries in all *354 except the following counties of the state, to wit: Cuyahoga, Franklin, Hamilton, Lucas, Montgomery and Mahoning-, each of which, as the act states, has a special act governing the selection of juries. The act requires that on or before the fourth Monday of May of each year, the judges of the court of common pleas in each subdivision of the common pleas districts of the state, shall appoint four judicious freehold electors to be commissioners of jurors in each county for one year. The act excludes all attorneys at law from the commission, and not more than two persons of the same political party are to be selected. After taking an oath to faithfully discharge their duties, and return no one who has directly or indirectly solicited to be returned, or that they believe unfit for the position, or will return a partial verdict; and having been instructed as to their duties under the act by the court, they are required to meet on the fourth Monday of May at the office of the auditor of the county, and select such number of judicious and discreet persons, having the qualifications of electors, as the court may direct. The name of each person so selected is to be written on a separate piece of paper, and placed in a wheel to be previously provided by the county commissioners ; and, having been securely locked, the wheel and the key are to be placed in the custody of the county clerk. From this wheel, in the manner provided in the act, grand and petit juries are to be drawn when directed by the court.
By a grand jury drawn under the provisions of this act, Edward Kendle was indicted for a misdemeanor in Brown county. He filed a plea in abatement setting up the drawing of the jury under the act, and, claiming the act to be unconstitutional, *355 asked to be discharged. The state demurred to the plea, the demurrer was overruled, and the defendant discharged. The prosecuting attorney excepted to the ruling of the court, and brings the question here on a bill of exceptions, for the judgment of this court on the accuracy of the ruling.
1. The first objection to the validity of the act is, that it is a law of a general nature, not uniform in its operation throughout the state, as required by section 26, article II, of the constitution. The act applies to all the counties in the state, except those before named, which are excepted because each has a jury system of its own, provided by law. The validity of the act relating to Cuyahog-a county was questioned on this ground in the case of McGill v. The State, 34 Ohio St., 228; but the objection was overruled and the law held valid. The question was fully and exhaustively discussed by Boynton, J., in delivering the opinion of the court, and we are not now disposed to question the soundness of that decision; and are, therefore, of the opinion that the present act is not invalid on this ground.
2. It is also claimed that the statute is invalid, because it provides for the appointment of the members composing the commission, instead of their election by the electors of the county, as is required in the ease of all county officers by section 2, article 10, of the constitution. This presents a question of more difficulty; for if within the meaning of this section, the commissioners are to be regarded as county officers, they cannot be appointed and the statute is invalid. But in considering the question we are not to forget the rule, that forbids a court from declaring an act of *356 the legislature invalid on the ground that it violates the constitution; to do this the court must he clearly of the opinion that such is the case. As long as it has a reasonable doubt about it, the doubt should be resolved in favor of the law and the judgment of the legislature. The case of State v. Brennan, 49 Ohio St., 33, is relied on. In that case the act, held invalid, created the office of “stationary storekeeper” for Hamilton county, to be filled by the appointment of the clerk of the court of the county. It was a separate and distinct office provided for that county. The power of the legislature to provide for the appointment of persons to act as assistants in an office filled by election has not, and cannot well be questioned. It is on this principle that the appointment of deputy clerks, deputy sheriffs, and so forth, are made and recognized, each of. whom perform many, and in some cases all, the duties of the office in which he acts as deputy. So as to these jury commissioners: They are appointed by the common pleas judges to assist in the administration of justice, as are master commissioners and. court constables. They are but handmaids of the court in the selection of judicious and discreet persons to serve on such juries as are required in the trial of causes, and the presentment of indictments. A similar view was adopted by the Supreme Court of West Virginia, in the case of the State v. Mounts, 36 W. Va., 179, 184. In that case the question arose on the power of the courts to appoint jury -commissioners, conferred by a statute of the state — it not being competent to the legislature, by the constitution of the state, to confer on “any court or judge thereof,” the power of appointing “officers.” “The question here pre *357 sented, ” say the court, “is, whether the jury commissioners created by the act now under consideration are officers of the state, or whether they are in fact, like jurors themselves, mere officers of the court, such as commissioners in chancery, and in the general sense, attorneys. We think there can be no doubt that such commissioners belong to the latter class, and go to make up a part of the judicial machinery, such as commissioners in chancery, general and special receivers, and other similar officers. Jurors are themselves, in a certain sense, officers of the court; and this special commission is only a legislative device intended to aid the court in selecting them. ’ ’
It is not doubted but that the judg’es mig’ht be authorized to select the jurors to be returned in all cases, as they are in some. As then the duty mig’ht properly be performed by the court, no good reason is perceived, why the court may not be authorized to appoint suitable persons to assist it in .performing the duty, as is done in many similar eases. Habit and custom have much to do with our view of a law. Under the act just repealed, jurors were selected by the township trustees and the couneilmen of the wards. Jurors selected by them were not selected for their respective townships or wards, but were selected for the whole county; and the duties performed by them in this regard were not performed for their respective townships and wards, but for the whole county. They in a sense constituted boards for the selection of jurors for the courts of the county. Still they were not elected by the electors of the county, but by the electors of their respective townships and wards, as they should have been, if those charged with the selection of jurors, are *358 to be regarded as county officers, within the meaning’ of the section of the constitution above referred to.
The majority of the court see no such objections to the validity of the law as would authorize a court to declare it unconstitutional.

The exceptions of the prosecuting attorney are therefore sustained.

Spear and Bradbury, JJ., dissent. •